**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                             No. CR 04-1338 JB

JACINTA MONIQUE REYES,

      Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

**THIS MATTER** comes before the Court on: (i) the United States' Notice of Intention to

Offer Expert Testimony, filed May 23, 2005 (Doc. 55); and (ii) the Defendant's Objection to Notice

of Intention to Offer Expert Testimony Filed May 23, 2005, filed May 26, 2005 (Doc.61). The Court

considered this motion on June 6, 2005 at the beginning of the Defendant Jacinta Monique Reyes'

jury trial. The primary issue is whether the Court should allow Drug Enforcement Administration

Special Agent Jay Perry to testify as an expert. Because the Court concludes that Perry's testimony

is relevant and reliable and will assist the jury in understanding the evidence and in determining the

facts at issue in this case, the Court will overrule Reyes' objection.

<u>**PROCEDURAL BACKGROUND**</u>

Pursuant to rule 16(c) of the Federal Rules of Criminal Procedure and the Court's discovery

order, the United States gave notice that it intends to introduce during its case-in-chief at trial expert

testimony and testimony that may be considered as expert testimony. The United States plans to call

Perry to testify about the methods and the practices commonly used in narcotics transportation, drug

terminology, distinctions between personal use amounts and distribution amounts, and the value of

the controlled substance in this case.  His testimony may include his expert opinions or specialized

knowledge regarding these matters, which is derived from his education, training, and professional

experience as a law enforcement officer.

The United States also plans to call DEA Forensic Chemist W. Kent Glanville to testify about

tests he performed on the indicted controlled substance in this case indicating that the substance

contains cocaine.  Glanville may also testify about his determination of the weight and purity of the

substance.  Glanville's testimony will include his expert opinion and specialized knowledge derived

from his education, training, and professional experience as a forensic chemist.

The United States requests, pursuant to Kumho Tire Co., Ltd. v. Charmichael, 526 U.S. 137

(1999), that the Court exercise its "special gatekeeping obligation" and determine that the proposed

testimony of these witnesses is admissible, as the witnesses have "a reliable basis in knowledge and

experience" in their respective disciplines. Id. at 152. See United States v. Charley, 189 F.3d 1251,

1261 (10th Cir. 1999).  Reyes objects to expert testimony by Perry.

## RULE 16

Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure provides:

Expert witnesses. At the defendant's request, the government must give to the
defendant a written summary of any testimony that the government intends to use
under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief
at trial. . . . The summary provided under this subparagraph must describe the
witness's opinions, the bases and reasons for those opinions, and the witness's
qualifications.

Fed. R. Crim. P. 16(a)(1)(G).

## LAW REGARDING EXPERTS

A party may introduce expert scientific testimony, subject to the admissibility requirements

under rule 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.   The Supreme Court of the United States, in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), has clarified the scope of rules governing the use of expert testimony and the role of trial judges in determining the admissibility of the expert testimony. "[U]nder the Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Id. at 589.  The United States Court of Appeals for the Tenth Circuit, however, "has repeatedly held that in narcotics cases, expert testimony can assist the jury in understanding transactions and terminology." United States v. Quintana, 70 F.3d 1167, 1171 (10th Cir. 1995)(citing United States v. Garcia, 994 F.2d 1499 (10th Cir. 1993); United States v. Sturmoski, 971 F.2d 452,  459 (10th Cir. 1992); United States v. McDonald, 933 F.2d 1519, 1522-23 (10th Cir.); Specht v. Jensen, 853 F.2d 805, 809 (10th Cir. 1988)).

## ANALYSIS

In her objection, Reyes asserts that the United States did not disclose to her a written summary of Perry's testimony as required by Rule 16.  At the hearing on this motion, however, Reyes represented to the Court that, since filing her objection, the United States disclosed the written summary. See Transcript of Hearing, at 13:18-24, June 6, 2005.[1]  Reyes indicated at the hearing that

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

there was no longer a rule 16 issue.  See id. at 13:21-24.

Reyes also asserted that Perry's testimony was not scientific or factual and was being used to indicate that Reyes' case was similar to other drug trafficking cases.  The United States, however, reported that it did not intend to elicit such ultimate factual conclusions.  See id. at 16:14-16.  Reyes conceded that the remainder of the proposed testimony was admissible.  See id. at 17:3-9.  The Court concludes that Perry's testimony is relevant and reliable.  Perry's expertise in drug terminology and transactions will assist the jury in understanding the evidence and determining the facts at issue in this case.  See United States v. Quintana, 70 F.3d at 1171.  The Court will therefore overrule Reyes' objection to Perry's testimony and take the questions one at a time.

**IT IS ORDERED** that the Defendants' Objection to Notice of Intention to Offer Expert Testimony is overruled.  Based on the United States representations, however, the Court will not allow Perry to testify to his ultimate factual conclusions that this case is similar to other drug trafficking cases; the jury will need to draw that inference on its own if the expert testifies and the facts permit such inference.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
   District of New Mexico
Elaine Y. Ramirez
  Assistant United States Attorney
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Joseph W. Gandert
  Federal Public Defender
Albuquerque, New Mexico

*Attorney for Defendant Jacinta Monique Reyes*