## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                    No. CR 04-1338 JB

SIGNE INTHE JONES, JR.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Signe Inthe Jones, Jr.'s Unopposed Motion to Allow Waiver of Right to be Personally Present for Sentencing, filed August 30, 2005 (Doc. 88). The Court held a hearing on this matter on September 6, 2005. The primary issue is whether the Court may sentence the Defendant, Signe Inthe Jones, Jr., via video conferencing. The Court will deny the Defendant's request to be present at sentencing via video conferencing.

## PROCEDURAL BACKGROUND

On July 14, 2004, a federal grand jury returned a two-count Indictment against Jones. Jones was charged in Count I of violating 21 U.S.C. § 846, Conspiracy, and in Count II of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2, Possession with Intent to Distribute 500 Grams or More of Cocaine, and Aiding and Abetting. Jones has been in custody since June 23, 2004. See Pre-Sentence Report ¶ 1.

On August 28, 2004, Jones was transferred to the Heart Hospital in Albuquerque, New Mexico, for treatment of fever and myocarditis. See id. at ¶ 53. His condition subsequently worsened, and he was transported to Columbia Care Center in Columbia, South Carolina, where he

is still a patient today.  See id. at ¶ 54.

On June 1, 2005, Jones entered into a plea agreement.  See Jones Plea Agreement (Doc. 68).
Jones waived his right to be personally present at the plea hearing.  See Jones Waiver of Right to be
Present (Doc. 67).  The Defendant entered a plea of guilty to Count II of the Indictment before the
Honorable Robert H. Scott, United States Magistrate Judge.  See Clerk's Minutes (Doc. 65); Jones
Plea Agreement (Doc. 68).  Judge Scott took the plea by video conference.  See Motion to Allow
Waiver of Right to be Personally Present for Sentencing ¶ 13, at 3.

Pursuant to rule 43 of the Federal Rules of Criminal Procedure, the Defendant moves the
Court to allow him to be present at sentencing via video conferencing.  Jones signed a written waiver
to be present at sentencing.  See Jones Waiver.

## LAW REGARDING PRESENCE AT SENTENCING

Rule 43 requires that "the defendant must be present at . . . sentencing."  Fed. R. Crim. Proc.
43(a)(3).  Rule 43 provides several exceptions to the sentencing presence requirement including but
not limited to: (i) defendant's written consent for a misdemeanor offense, see Fed. R. Crim. Proc.
43(b)(2); (ii) a sentence correction, see Fed. R. Crim. Proc. 43(b)(4); and (iii) defendant's voluntary
absence in a noncapital case, where the defendant was initially present at trial, or who had pled guilty,
see Fed. R. Crim. Proc. 43(c)(1)(B).

In United States v. Torres-Palma, 290 F.3d 1244 (10th Cir. 2002), the United States Court
of Appeals for the Tenth Circuit addressed "the question of whether the use of video conferencing
at sentencing violates the provision of Fed. R. Crim. Proc. 43, which requires a defendant to be
'present' at imposition of sentence."  United States v. Torres-Palma, 290 F.3d at 1245.  Judge
Porfilio noted that, "[w]hile certain exceptions to that mandate are granted in Rule 43(b), none of

them explicitly permits the use of video conferencing." <u>Id.</u> The Tenth Circuit spent considerable time talking about the advantages of video conferencing, about the caseload in New Mexico, and about the limited judicial resources within the District. <u>See</u> <u>generally</u> 290 F.3d 1244. The Tenth Circuit stated that, "[a]lthough convinced of the need for and the benefits of technology to facilitate expeditious disposition of the ever-growing caseload in federal courts," it had to "reluctantly" remand for re-sentencing. <u>Id.</u> at 1245.

Judge Porfilio wrote in sweeping, definite language: "[W]e find ourselves unable to reach any conclusions other than the word, 'present,' in the context of Rule 43, means the defendant must be physically present before the sentencing court." <u>Id.</u> Later in the opinion, after finding persuasive the analyses in cases from other circuits, Judge Porfilio stated: "Those analyses will not support a flexible reading of Rule 43 . . . ." <u>Id.</u> at 1248. He concluded:

> We believe the only relief from this result is a redrafting of the language of Rule 43. Until that time, video conferencing for sentencing is not within the scope of a district court's discretion. Furthermore, Rule 43 vindicates a central principle of the criminal justice system, violation of which is *per se* prejudicial. In that light, presence or absence of prejudice is not a factor in judging the violation.

<u>Id.</u> The Tenth Circuit then remanded "to the district court for resentencing of the Defendant who shall be in the physical presence of the sentencing judge." <u>Id.</u> at 1249.

In <u>United States v. Lawrence</u>, 248 F.3d 300 (4th Cir. 2001), Lawrence appeared in the Columbia, South Carolina courtroom through a video feed from his prison in Florence, Colorado.[1] <u>See</u> <u>United States v. Lawrence</u>, 248 F.3d at 301. Chief Judge Wilkinson, writing for a unanimous panel, held that "presence" in rule 43 means physical presence and remanded the case. <u>Id.</u> The

---

[1] In <u>Lawrence</u>, the defendant had objected to being sentenced via video conferencing, and thus the court did not decide what "voluntarily absent" encompassed.

United States maintained "that district courts should have the discretion to permit video teleconferencing when circumstances warrant it." <u>Id.</u> at 304.  Chief Judge Wilkerson rejected that argument: "If we were to hold that video teleconferencing satisfies the presence of Rule 43, it would permit the government to substitute such conferencing for physical presence for any defendant at any time for any reason." <u>Id.</u>  The Court of Appeals closed by stating:

> The United States urges us to create another exception to Rule 43, one that would allow video teleconferencing at the discretion of the district court.  We respect the position of the district court, which was understandably concerned that the value of Lawrence's physical presence did not outweigh the risks associated with transporting him.  In extreme circumstances such as this, the rule should indeed provide some flexibility.  But it does not.  We cannot travel where the rule does not go.  The rule's general requirement of physical presence in 43(a) is clear, and the exceptions in 43(b) do not apply here.  We are left with the principle that imposing punishment on those who break the law must be in accordance with the law.  Our system knows no other course.

<u>Id.</u> at 305.

## ANALYSIS

There can be little dispute that a court cannot, over a defendant's objection, sentence by video conferencing.  The issue is whether the defendant can consent to sentencing by video conferencing. The Court concludes that, under <u>United States v. Torres-Palma</u>, rule 43 does not allow sentencing by video conferencing.

## I.   RULE 43 DOES NOT ALLOW FOR SENTENCING BY VIDEO CONFERENCING.

Jones contends that the Court should allow him to appear for sentencing via video conferencing because he does not want to risk his health by returning to New Mexico.  In support of this contention, the Defendant argues that the Court should allow him to appear via video conferencing under rule 43(c)(1)(B).  Jones asserts that he may waive his presence under that rule

-4-

because he is explicitly requesting permission in advance and has shown good cause for his request. See Unopposed Motion to Allow Waiver of Right to be Personally Present for Sentencing ¶¶ 16, 17, at 3-4. Jones is not asking the Court to allow him to waive his right to appear altogether at the sentencing, but rather he is essentially asking that this Court allow him to be present at the sentencing by video conference.

The Tenth Circuit has stated that a district court has no discretion to use video conferencing for sentencing. See United States v. Torres-Palma, 290 F.3d at 1248. The Court in Torres-Palma held that "present" for purposes of sentencing equated to *physical* presence. See id. at 1245. Thus, to be present for sentencing, a defendant's body must actually be present in the courtroom. This plain directive does not allow the Court to exercise its discretion to allow Jones to appear via a video conference. Although the precise issue before the Court in Torres-Palma was whether video conferencing could be used to satisfy the presence requirement under rule 43(a)(3), see United States v. Torres-Palma, 290 F.3d at 1245, and not when a defendant could waive the presence requirement under rule 43(c)(1)(B), the blanket language used by the Tenth Circuit leaves this Court no discretion to allow sentencing via a video conference.

While the Tenth Circuit's construction of rule 43 in Torres-Palma should be enough for the District Court, the Court also notes that the rules expressly authorize video conferencing in two situations: (i) arraignment, see Fed R. Crim. Proc. 10(c); and (ii) initial appearance, see Fed. R. Crim. Proc. 5(f).

That the rules recognize it in these situations, but not here also supports the conclusion that video conferencing for sentencing is not available. Rule 10(c) and rule 5(f) create a particular problem for Jones' argument. Rule 43(a)(1) requires that the defendant be present at arraignment

and at initial appearance.  Rule 10(c) however, provides: "**Video Teleconferencing.**  Video teleconferencing may be used to arraign a defendant if the defendant consents."  Rule 5(f) provides: **"Video Teleconferencing.** Video teleconferencing may be used to conduct an appearance under this rule if the defendant consents."  If the drafters wanted to allow video conferencing for the precise situation here, they knew how to do it; the fact that they did not do so suggests that the Court should not create a provision similar to rule 10(c) and rule 5(f) for rule 11 (Pleas) and for rule 32 (Sentencing).

The parties suggest that <u>Torres-Palma</u> involved a defendant who objected to video conferencing, but that Jones consents in this case.  That is a distinction, but if it were correct, then the Albuquerque judges could routinely request consent, probably secure it, and not travel regularly to Las Cruces.  But the Tenth Circuit in <u>Torres-Palma</u> did not base its opinion on consent, but on a construction of the word "present" in rule 43.  While no one might appeal a sentence done by video conferencing if everyone consents, there is always the possibility of a collateral challenge.

The parties argue that the Court could avoid the routine consent by requiring good cause.  While such a request would leave video conferencing to the extraordinary case, the parties do not explain from where the creation of this right to video conferencing comes.  It does not derive from the language of the rule; and it is at tension with the Tenth Circuit's strong language.

What the parties request is not, however, without precedent.  The parties repeat that other judges in the District have done what they request here.  <u>See</u> Transcript of Hearing at 4:12-6:18 (taken September 6, 2005).[2]  Moreover, in <u>United States v. Navarro</u>, 169 F.3d 228 (5th Cir. 1999),

---

[2]  The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

a case the Tenth Circuit cited and found persuasive in <u>Torres-Palma</u>, there were two defendants;
Navarro and Edmondson.  The district court sentenced both by video conferencing.  Navarro
consented to the sentencing; Edmonson objected to such procedure.  At sentencing, Edmonson
refused to sign a Waiver of Rights and Consent to Proceed by Video-Conference, and he objected
that he wanted to be sentenced in person.  The court vacated Edmondson's sentence.  Hence, other
courts might be doing what Jones requests if the defendant consents.  No court, however, has
analyzed whether consent can satisfy rule 43's language, requiring presence.

The Court is well aware that a defendant can waive his or her most basic constitutional rights,
<u>see</u> <u>Peretz v. United States</u>, 501 U.S. 928, 936 (1991), and that "Rule 43 has its source in the
confrontation clause of the sixth amendment and the due process clause of the fifth and fourteenth
amendments," <u>United States v. Villano</u>, 816 F.2d 1448, 1452-53 (10th Cir. 1987).  Rule 43 remains,
however, a rule.  Congress may provide greater protection than that contemplated by the
Constitution.  <u>See United States v. Brainer</u>, 691 F.2d 691, 698 (4th Cir. 1982)("The Sixth
Amendment, however, merely secures certain minimal trial rights against encroachment by
government.  In no way does it prevent Congress from according the accused more protection than
the Constitution requires, nor does it preclude Congress from acting on the public's interest in speedy
justice.")(citation omitted); <u>United States v. Sampson</u>, 245 F. Supp. 2d 327, 339 (D. Mass. 2003)
("Moreover, the Federal Rules of Evidence are not coextensive with the requirements of due process.
They are subject to the requirements of due process, but they may provide a defendant more
protection than due process requires in a particular case.")(citing <u>United States v. Brainer</u>, 691 F.2d
691, 695 n.7 (4th Cir. 1982)(internal quotations omitted)); <u>United States v. Mainor</u>, No.
3:04-cr-206-J-20MCR, 2005 U.S. Dist. U.S. Dist. LEXIS 15437, at *11-12 (M.D. Fla. July 29,

2005) ("[I]n almost all situations, the [Speedy Trial] Act affords greater protection to a defendant's speedy trial rights than the Sixth Amendment, which provides only minimal protection against government encroachment.")(citation omitted).   Congress may afford greater protection to a defendant's right to be present at sentencing, by not allowing certain types of waiver, whereas the Constitution might not prohibit it.  Congress may also decide that it is in the public's interest that the defendant be personally present at sentencing.

Jones does not seek a waiver of the right to be physically present; instead, he asks the Court to judicially create for him a provision like rule 10(c).  The drafters apparently decided that rule 10(c) should not be added to rule 32.  The Court should not do what the drafters did not.  The rules can do that, even if the Constitution does not require such a restrictive rule.  See Watts v. DuBois, 660 F.Supp. 1246, 1247 (D. Colo. 1987)(pre-Torres-Palma)("There can be no waiver of the requirement that the defendant be present at sentencing.").

The Court emphasizes that it is not deciding whether Jones could waive his presence entirely at sentencing.  Jones has not asked the Court to waive his presence, but instead, to allow him to be present a different way.  The Tenth Circuit has said that, under rule 43, presence does not include video conferencing.

## II.   JONES MAY NOT CONSENT TO VIDEO CONFERENCING BY "WAIVING" HIS APPEARANCE ALTOGETHER.

Jones contends that, if he could waive his presence entirely, surely he could consent to sentencing by video conferencing, i.e., the video conferencing is a lesser included means of waiver.

Even if, however, Jones were asking the Court to allow him to waive his continued presence at sentencing under rule 43(c)(1)(B), rather than asking the Court to allow him to be present via

video conferencing, the Court is deeply concerned that it does not have the power to allow the Defendant to waive his continued presence under these circumstances.

Jones' signed written waiver falls outside the scope of rule 43(c)(1)(B). The Tenth Circuit has not addressed the issue of what "voluntarily absent" means under rule 43(c)(1)(B). Reading rule 43 as a whole, however, sheds light on subsection (B)'s scope. Rule 43(b)(2) states that, for a misdemeanor offense, "with the defendant's written consent," the court may permit the sentencing to occur in the defendant's absence. This subsection concerning misdemeanors specifically allows a defendant to be absent from sentencing when the defendant gives written consent. Rule 43(c)(1)(B) contains no such language. If the drafters of rule 43 intended for a defendant to be able to waive presence under rule 43(c)(1)(B), by written consent, then the drafters could have easily included in that section the same language that is found in rule 43(b)(2). Thus, it is doubtful that a defendant can waive presence at sentencing under rule 43(c)(1)(B) solely by written consent and "voluntarily absent" must require something more.

The advisory committee notes reflect that the contents of 43(c)(1)(B) were added to rule 43 in a 1995 amendment to "make clear that a defendant . . . who has entered a plea of guilty . . . but who voluntarily flees before sentencing, may nonetheless be sentenced *in absentia*." United States v. Jordan, 216 F.3d 1248, 1249 (11th Cir. 2000). According to the advisory committee notes, "voluntarily absent" refers to a defendant who initially was present at trial, or who had pled not guilty and then absconded. The combination of the advisory committee notes and the construction of the rule itself, suggest that a signed written waiver, consenting to voluntary absence from sentencing, is insufficient to allow the Defendant to be absent from the sentencing. The advisory committee notes and the construction of the rule itself also suggest that "waiver" contemplated by rule 43(c)(1)(B)

-9-

does not include waiver for good cause or extraordinary circumstances.

The Court is concerned that the case law does not create an additional "good cause" ground for waiver. The parties have not cited the Court to cases that would give it the power to allow the Defendant to be absent from sentencing based on his poor health. First, neither the Tenth Circuit nor the Supreme Court of the United States has recognized an exception to the presence requirement based on poor health or good cause. Additionally, as discussed above, the rule 43 advisory committee notes reflect that the intended purpose of the amendment was to allow a defendant who absconded to be sentenced *in absentia*. It is true that a few courts have held that there is a good cause or extraordinary circumstances exception to the sentencing presence requirement. See United States v. Brown, 456 F.2d 1112, 1114 (5th Cir. 1972) ("Only in the most extraordinary circumstances, and where it would otherwise work an injustice, should a court sentence the defendant *in absentia*.")(citing United States v. Boykin, 222 F. Supp. 398, 399 (D.Md. 1963)); United States v. Wright, 342 F. Supp. 2d 1068, 1070 (M.D.Ala. 2004)("[G]ood cause must be shown when a defendant seeks to waive her presence at sentencing.").[3] Because neither the Tenth Circuit nor the Supreme Court has recognized a good cause/extraordinary circumstances exception to the sentencing

---

[3] In United States v. Wright, the defendant moved the court to hold her sentencing by video conferencing. The district court denied the motion. The district court indicated the waiver exception in rule 43(c)(2) required good cause. The district court stated: "While danger to one's medical health would clearly constitute 'good cause' justifying a defendant's absence for sentencing, the defendant had not produced any evidence that the condition surrounding her sentencing would endanger her medical health." United States v. Wright, 342 F.Supp. 2d at 1070 (citation omitted). The defendant suffered from diabetes, congenital heart failure, and asthma. See id. Here, although Jones' doctors advise that the court proceedings take place via video conferencing, see letter from Oliver P. Harden, M.D. at 1, Jones has not provided the Court with his current medical status, and the Columbia Care Center doctors have recommended that, if Jones is required to return to New Mexico for court proceedings, he should be "med-evac'd" from Columbia Care Center to Albuquerque, and returned as soon as possible, see Motion to Allow Waiver ¶ 9, at 2. This recommendation seems to indicate that Jones' health will not be in danger if the necessary precautions are taken.

presence requirement, and rule 43 does not provide an exception in this case, the Court is reluctant to create one in dicta.  Accordingly, video conferencing is not a lesser included means of waiver because waiver does appear to be available here.

Because rule 43 and the Tenth Circuit do not allow a defendant to be sentenced via video conferencing, the Court will deny Jones' request to be sentenced by video conference.

**IT IS ORDERED** that the Defendant's Unopposed Motion to Allow Waiver of Right to be Personally Present for Sentencing is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
    United States Attorney for the
            District of New Mexico
Elaine Y. Ramirez
    Assistant United States Attorney
            for the District of New Mexico
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Jacquelyn Robins
Albuquerque, New Mexico
        *Attorney for the Defendant*